FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAMIAN C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:20-CV-03138-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are cross-motions for summary judgment. ECF Nos. 14, 15. The motions were heard without oral argument. Plaintiff is represented by Cory J. Brandt; Defendant is represented by Jacob P. Phillips and Timothy M. Durkin.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title XVI of the

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 14, and denies Defendant's Motion for Summary Judgment, ECF No. 15.

## I.  Jurisdiction

On July 27, 2017, Plaintiff filed an application for concurrent disability insurance and supplemental security income. He alleged disability beginning January 1, 2017.

Plaintiff's application was denied initially and on reconsideration. On May 9, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 2, 2020, Plaintiff appeared and testified at a video hearing in Yakima, Washington before ALJ Laura Valente, who presided from Seattle, Washington. The ALJ issued a decision on January 29, 2020, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on August 6, 2020. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on September 8, 2020. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.  Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~2

under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id*.

### III.  Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

For claims filed on or after March 27, 2017,[3] like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including

---

[3] For claims filed prior to March 27, 2017, an ALJ was to give more weight to "those physicians with the most significant clinical relationship with the plaintiff." *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~5

(i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.*
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.*
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~6

herein.

At the time of the hearing, Plaintiff was 47 years old. In 2003, Plaintiff had lumbar fusion surgery after being injured at work in 2002. Although he had pain, he was able to deal with it. In May 2017, he reached down to pick up a garden hose and something caused pain that has not gone away, and he has since been suffering from chronic back pain. His pain is exacerbated by walking and staying in only one position, including sitting, standing, and lying down. As such, he must constantly change his position. He can go to the grocery store, but he has to take medication to do so. He reported that he took a trip to the beach with his family, but they had to stop every hour and get out of the car, due to his discomfort. He has trouble getting dressed and using the toilet because of the pain. He reports he has good days and bad days.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-24. The ALJ found that Plaintiff met the insured status requirements through December 31, 2021. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 13, 2018. AR 17.

At step two, the ALJ identified the following severe impairments: degenerative disc disease of the lumbar spine and peripheral neuropathy. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 18. Specifically, the ALJ found that Plaintiff did not meet the listing 1.04A. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with the following additional limitations: he can perform all postural maneuvers occasionally. He can occasionally push/pull with the right lower extremity, such as for the operation of foot pedals. He

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

> must avoid concentrated exposure to vibrations and hazards such as heights and dangerous moving machinery.

AR at 23.

At step four, the ALJ found that Plaintiff had past relevant work as a security guard; laborer, stores; material handler; wood working shop hand; and food mixer, but that these jobs exceeded the identified residual functional capacity and therefore, Plaintiff was unable to perform past relevant work. AR 22-23.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, including bench hand, table worker, and semiconductor, bonder. AR 23-24.

**Issues for Review**

(1)  Whether the ALJ erred in conducting the Step Three analysis?

**VII.  Discussion**

Plaintiff asserts the ALJ erred in finding that he did not meet Listing 1.04A. The ALJ found the objective medical evidence does not show motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss with positive sitting and supine straight-leg raise tests. The ALJ concluded that most treatment records tended to show Plaintiff retained full muscle function without atrophy of the extremities, as well as generally normal sensation and reflexes. The ALJ then noted that while some records showed positive straight leg raise testing, these tests do not specify whether they were performed and positive both sitting and supine as required by the regulations.

Here, the ALJ erred conducting the Step Three analysis. At step three of the decision-making process, the regulations apply a conclusive presumption that the claimant is disabled if the ALJ determines that the claimant's impairment is equivalent to "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. §§ 404.1520(d), 416.920(d). The

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

criteria necessary to establish the presumptively disabling impairments are enumerated in the Listing of Impairments. The claimant has the burden of proving that his impairment satisfies or equals each criteria for a listed impairment based on medical evidence. *Sullivan v. Zebley*, 493 U.S. 521, 530–532 (1990); 20 C.F.R. §§ 416.908, 416.925.

An ALJ must adequately explain a conclusion that an impairment does not meet or equal a Listing. In "determining whether a combination of impairments establishes equivalence" under step three of the Listings, a mere statement that a claimant did not equal the listing not sufficient. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)) (holding boilerplate finding is insufficient to conclude impairment does not meet a Listing).

An ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Listing 1.04A, entitled "Disorders of the spine," provides, in relevant part:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.

Here, while the ALJ indicated that *most* of the records indicate that Plaintiff appeared to have full muscle function, the ALJ failed to address those records where it was clear that Plaintiff was experiencing burning pain down his right leg, numbness in his toes, and difficulty walking. *See e.g.* AR 280, 282, 292. Moreover,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~9

the records relied on by the ALJ in determining that "most" records indicated that Plaintiff appeared to have full muscle function were records in which Plaintiff was suffering from a medical incident separate and apart from his back problems that was the focus of his attention and the attention of his medical providers, *i.e.* gall stones, abdominal pain and heart burn. Also, because the record is ambiguous regarding whether the straight leg raises were performed in both a sitting and supine position, it was improper for the ALJ to discount these findings without supplementing the record. At this point in the proceedings, substantial evidence does not support the ALJ's decision that Plaintiff does not meet Listing 1.04A, and remand is necessary so that the record can be further developed regarding the positive straight-leg raising test.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 14, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 15, is **DENIED**.

//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

3. The decision of the Commissioner is **REVERSED** and **REMANDED** for proceedings consistent with this Order.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

5. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the District Court Executive is directed to substitute Kilolo Kijakazi for Andrew Saul.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 26th day of October 2021.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11